**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

v. No. 21-cr-658-WJ

PAUL JAMES JARAMILLO, III,

Petitioner.

**MEMORANDUM OPINION AND ORDER**
**DISMISSING § 2241 HABEAS PETITION**

**THIS MATTER** comes before the Court upon Mr. Jaramillo's *pro se*[1] motion (**Doc. 43**). Because Petitioner is incarcerated outside of the district, his motion must be **DISMISSED**.

**BACKGROUND**

In May 2021, Mr. Jaramillo was charged in a two-count Indictment (**Doc. 2**) with violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The Counts allege that he possessed both methamphetamine and fentanyl with the intent to distribute.

Later, Mr. Jaramillo pleaded guilty—pursuant to a Rule 11(c)(1)(C) plea agreement (**Doc. 31**). In this plea agreement, the parties agreed to a specific sentence of 49 months' imprisonment. ***Id.* at 6**. Mr. Jaramillo also agreed to "waive any collateral attack" as to the "conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance." ***Id.* at 8–9**.

The Court accepted the plea and sentenced Mr. Jaramillo accordingly (**Doc. 42**).

[1] The Court liberally construes Defendant's *pro se* pleading but does not make arguments for or otherwise advocate on his behalf. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

On March 25, 2024, Petitioner Jaramillo filed the instant motion asking the Court to help him remedy: (1) the living conditions and food at the Federal Correctional Institute ("FCI") Terre Haute, as well as (2) the Bureau of Prison's ("BOP") calculation of his time credits. **Doc. 43**.

As explained below, judicial review of this § 2241 must be sought in the district of confinement—here, the United States District Court for the Southern District of Indiana, Terre Haute Division.

## DISCUSSION

### I. Jurisdictional Defect

Petitioner Jaramillo "reach[ed] out" for the Court's assistance with "helping me get my F.S.A. — First Step Act credits." **Doc. 43 at 1**. This filing is, therefore, construed as a petition under 28 U.S.C. § 2241 because Petitioner is challenging the execution of his sentence. *See Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016); *United States v. Miller*, 594 F.3d 1240, 1241–42 (10th Cir. 2010). Although this filing lacks a caption, it clearly falls into the gambit of § 2241 relief. *See Castro v. United States*, 540 U.S. 375, 381 (2003) (explaining that sometimes courts must "ignore the label that a *pro se* litigant attaches to a motion").

Unfortunately, the Court lacks jurisdiction to entertain Petitioner's motion because he is incarcerated outside[2] of the District of New Mexico. The case law is clear—a prisoner must seek judicial review of § 2241 claims in the district of his confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[J]urisdiction lies in only one district: the district of confinement."); *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (explaining claims that "attack the execution of a sentence . . . must be filed in the district where the prisoner is confined").

[2] The return address on the envelope containing Defendant's pleading (**Doc. 43 at 8**) clearly indicates that he is housed at FCI Terre Houte, Indiana. Additionally, the BOP's inmate locator, available at https://www.bop.gov/inmateloc, shows the same.

"A court without jurisdiction is like a king without a kingdom: both are powerless to act." *Lawless v. Steward Health Care Sys., LLC*, 894 F.3d 9, 16 (1st Cir. 2018); *see also Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." (citation omitted)). Thus, Mr. Jaramillo's petition for a Writ of Habeas Corpus under § 2241 must be dismissed without prejudice for a lack of jurisdiction.

**II. Transfer is Inappropriate**

In situations where the jurisdictional defects are clear on the face of the pleading, a district court may transfer the case to the appropriate jurisdiction. *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). Prior to transfer, however, a court may evaluate "whether the claims alleged are likely to have merit." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Of course, curing the jurisdictional defects through a transfer are unnecessary when it would "waste judicial resources" because the merits are "clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000).

Here, the law is not on Petitioner's side.

Habeas petitions are used to attack the validity or execution of a sentence—they are not, however, civil rights actions where prisoners may litigate allegedly abusive prison conditions. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997); *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). No court can provide Petitioner Jaramillo with § 2241 relief for the "depledable [sic] and Horrific living conditions witch [sic] I have been subject to," or cure the allegation of being provided "very lil food." **Doc. 43 at 1**. Such a challenge—based upon the conditions of confinement—must be brought pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).

Likewise, Petitioner complains about the BOP's calculation of his "programming" time credits (**Doc. 43 at 1**). But even construing this pleading liberally, as the Court must, there is no basis to conclude that Petitioner Jaramillo's due process rights were violated. *See Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987).

The Court now engages in some rough timeline calculations below:

- To start, Petitioner Jaramillo's sentencing took place on May 17, 2022 (**Doc. 40; Doc. 43 at 2**);
- Then, he was sentenced to 49 months in custody—with a full-term release date being June 2026 (**Docs. 42 & 43**);
- The records show that he is receiving 14 months "jail credit" from March 2021 to May 2022 (**Doc. 43 at 2**). The computation data also notes that Petitioner has earned 179 days of good conduct time. ***Id.***
- After subtracting 14 months from the June 2026 release date the result is that April 2025 is the expiration of his full term (**Doc. 43 at 2**). Then, after subtracting 179 days from April 2025, that results in an October 2024 date.
- Therefore, the records accurately indicate that April 11, 2025 (**Doc. 43 at 2**) is the expiration of the full term of imprisonment date and October 14, 2024, is Petitioner's projected release date.

The "Sentence Monitoring Computation Data" (**Doc. 43 at 2–7**) provided by Petitioner is helpful in reaching this conclusion. As referenced above, the records prove exactly what the Court's calculations prove. On its face the pleading shows Petitioner is, in fact, being awarded good conduct time. *See* 18 U.S.C. § 3624(b).

It appears, then, that Petitioner Jaramillo's frustration is not with the good conduct time calculations. Instead, the Court construes Petitioner's § 2241 petition to complain about the discretionary[3] sentence reduction[4] provisions of 18 U.S.C. § 3621(e)(2)(B).

---

[3] Subparagraph (e)(2)(B) explains a prisoner "convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."

[4] Because Defendant Jaramillo says he "earned" credits for "programming," **Doc. 43 at 1**, the Court construes this phrasing to indicate time credits associated with completion of the Residential Drug Abuse Program ("RDAP"). A review of the records attached, however, show he did not complete the program. In the "Remarks" section on page 2,

Under Tenth Circuit precedent, § 3621(e)(2)(B) does not create "a liberty interest." *Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998). In fact, the Supreme Court determined the statute "grants no entitlement to any inmate." *Lopez v. Davis*, 531 U.S. 230, 237 (2001). In essence, completion of RDAP does not guarantee early release eligibility. *Licon v. Ledezma*, 638 F.3d 1303, 1307 (10th Cir. 2011). Rather, the BOP has the "discretion to reduce" an inmate's sentence "upon the successful completion of an RDAP." *Ardry v. Rios*, 215 F. App'x 776, 777 (10th Cir. 2007) (unpublished); *see also Standifer v. Ledezma*, 653 F.3d 1276, 1278 (10th Cir. 2011) ("The BOP has discretion to grant early release of up to one year to inmates who successfully complete RDAP.").

With this in mind, the Court now looks to Petitioner's "FSA Time Credit Assessment." **Doc. 43 at 4**. The BOP records show that Petitioner Jaramillo has accrued 569 program days with 180 of those days being applied towards his release. ***Id.*** There is no § 2241 habeas issue, then.

The statute permits the BOP to reduce the term by up to one year—but does not require the BOP to reduce any sentence. 18 U.S.C. § 3621(e)(2)(B). Put another way, the mere fact Petitioner has earned 569 program days is immaterial. There is a statutory cap of 365 days—meaning he cannot be awarded some of his earned credits as a matter of law. But, more importantly, there is no requirement that he be awarded any credit at all. Thus, Petitioner is eligible, albeit not entitled, for release between 0–365 days early. Ultimately, because the BOP has "unfettered discretion," *Fristoe*, 144 F.3d at 630, and because there is no entitlement to early release for completing RDAP, there is nothing for any court[5] to review.

---

the prison records indicate Defendant "WITHDR[E]W" from RDAP on July 20, 2023. ***Id.* at 2**. On page 6, the records indicate "RESIDENT DRUG TRMT FAIL—WITHDR" ***Id.* at 6**.

[5] Further informing the Court's decision to dismiss rather than transfer is the case of *Statom v. Fed. Bureau of Prisons*, No. 21-cv-442, 2022 U.S. Dist. LEXIS 80816 (S.D. Ind. May 4, 2022). In that case, the very court which this case would be transferred to explained that challenges brought under § 3621 are precluded from judicial review. *Id.* at *4.

Accordingly, Petitioner Jaramillo's filing fails to state a cognizable claim in his § 2241 habeas petition. For this reason, as well as those mentioned above, dismissal of this case is appropriate (instead of transfer).

The Court will dismiss the Petitioner's petition under Habeas Corpus Rule 4 and deny a certificate of appealability under Habeas Corpus Rule 11—as this Memorandum Opinion and Order is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Petitioner's § 2241 Petition (**Doc. 43**) is **DISMISSED without prejudice** for lack of jurisdiction and a certificate of appealability is **DENIED**.

/s/
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

The Seventh Circuit has not directly addressed whether § 3621(e)(2)(B) is subject to judicial review, but none of the district courts in that circuit seem inclined to find such a petition justiciable. *See, e.g., Tiger v. Rios*, No. 13-1006, 2013 U.S. Dist. LEXIS 70830 (C.D. Ill. May 20, 2013) ("[I]ndividual decisions to deny early release under § 3621 are not reviewable."); *Durance v. Cross*, No. 13-926, 2014 U.S. Dist. LEXIS 10375 (S.D. Ill. Jan. 27, 2014) (explaining that § 2241 was "not the proper vehicle" for prisoner's claims because "the only relief she could obtain is an order directing the BOP to reconsider her for early release, not one requiring the BOP to grant it"); *Walker v. Cross*, No. 13-102, 2014 U.S. Dist. LEXIS 10373 (S.D. Ill. Jan. 27, 2014) (same); *Martinez -Navarro v. Cross*, No. 13-853, 2014 U.S. Dist. LEXIS 80014 (S.D. Ill. June 12, 2014) (finding that "eligibility determinations for RDAP and early release" do not present "a justiciable case or controversy and the Court lacks jurisdiction" to review such a claim); *Kennedy-Robey v. Warden*, No. 20-cv-1371, 2021 U.S. Dist. LEXIS 38703 (C.D. Ill. Mar. 2, 2021) (finding an inmate "lacks standing" to bring an "earned time credit" claim); *Cf. Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir. 2004) ("The difference between a claim of entitlement to be released, and an opportunity to be considered for release, also affects the choice between § 2241 and a mundane civil action."); *United States v. Sawyer*, 521 F.3d 792, 795 (7th Cir. 2008) ("Courts are not authorized to override the Bureau's discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation.").